T. R. Booth and Co., Inc., a Corporation, Appellant-Respondent-Counterclaimant, v. Alfred J. Loy, d/b/a Arrow Moving & Storage Co., Appellee-Petitioner-Counterdefendant.

Gen. No. 70–8.

Second District.

September 1, 1970.

383

 

John F. Grady, of Waukegan, for appellant.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellee.

JUSTICE THOMAS J. MORAN delivered the opinion of the court.

This case has been before us on a previous occasion and the facts are fully set forth in our opinion cited as T. R. Booth & Co., Inc. v. Loy, 100 Ill App2d 333, 241 NE2d 315 (1968).

In brief, the plaintiff, T. R. Booth and Co., Inc., rented certain warehouse space from the defendant, Alfred J. Loy, d/b/a Arrow Moving & Storage Co., for the storage of plaintiff's merchandise. The defendant did not have sole possession of the goods and, in fact, did not know what goods were stored. When some of the merchandise was found to be missing (we quote from page 336 of our earlier opinion): ". . . Thereupon, the plaintiff brought a one-count complaint alleging a bailment relationship between the parties. One of the paragraphs of the complaint stated that 'the merchandise was either lost or destroyed as a result of the defendant's negligence in storing the same, or, in the alternative, the defendant has converted the goods to his own use or the use of another.' " [1]

---

[1] This quote is taken from the last paragraph of plaintiff's one-count complaint in the earlier proceeding and is the only place in which plaintiff's pleadings ever inferred negligence.

In the original case, the trial court found that a bailment relationship existed between the parties and awarded judgment for plaintiff. On appeal we reversed, holding that no bailment relationship existed and that the true relationship of the parties was that of lessor-lessee. We said, at page 339, ". . . since the alleged negligence of the defendant is bottomed upon a presumption arising out of a bailment relationship there is no need to consider the negligence allegation."

The defendant filed no supersedeas bond pending his appeal from the first decision and, as a result, the plaintiff proceeded with garnishment and obtained a satisfaction of its judgment. Subsequent to the reversal, however, the defendant filed a petition in the trial court seeking judgment for the amount he had paid the plaintiff. The plaintiff filed an answer to the petition and a counterclaim against the defendant for the same amount sought by the defendant, basing the claim on the same facts as found in the original suit but now alleging that the cause of damage was the defendant's negligence. Plaintiff sought a trial on the question of negligence alleged in its counterclaim; however, the trial court, on the second proceeding, entered judgment against the plaintiff in favor of the defendant and dismissed the plaintiff's counterclaim.

The plaintiff brings this case to us arguing that the question of negligence has never been litigated between these parties, basing its case upon the last-quoted language of our earlier opinion (Booth v. Loy, supra, at 339), and interpreting such sentence to state that the allegation of negligence was never considered by this Court. That is an erroneous interpretation.

█ In actuality, the allegation of negligence was never presented to us as a cause of action. The plaintiff filed a one-count complaint stating a cause of action in bailment and concluded that the defendant was negligent. The complaint itself did not allege any of the

necessary elements for a cause of action based upon negligence such as duty, breach of duty, proximate cause, damage, or freedom from contributory negligence. The issue of negligence would have come into the earlier case only if plaintiff had proved a bailment and a loss; under that condition negligence would have been presumed, at least for the purpose of going forward with the evidence. However, plaintiff proved no bailment, therefore there was no presumption of negligence and no reason to consider that issue.

■ ■ In the case before us, plaintiff, having failed on its first theory, now attempts to retry the case on another theory. The parties are the same, the transaction is the same and the facts are identical. It is the good policy of the law to assure each party with a true grievance their day in court but the law does not contemplate that the days in court be multiple and interminable, nor that a party having failed with one theory can start anew on another theory.

■ ■ As the Court said in Menconi v. Davison, 80 Ill App2d 1, 6, 224 NE2d 139 (1967):

> "A prior adjudication between the same parties is conclusive upon them, not only as to matters actually determined but as to every other thing within the knowledge of the parties which might have been set up as a ground for relief or defense. . . . A party cannot litigate and try a cause by parts in different proceedings; he must bring his whole case before the court and have it disposed of in one proceeding."

■ In Meyer v. Povilat, 20 Ill App2d 279, 282, 156 NE2d 4 (1959), the Court said:

> ". . . when litigation is presented to a reviewing court, all questions which were open to consideration and could have been presented relating to the same

subject matter are deemed disposed of whether or not they were actually presented."

Finally, in Lundstrom v. Winnebago Newspapers, Inc., 42 Ill App2d 306, 312, 192 NE2d 307 (1963) we said:

". . . When litigation is presented to an appellate tribunal and questions of law are decided, the rule of law is that all such questions relating to the same subject matter which were open to consideration and could have been presented are res judicata, whether they were presented or not."

The plaintiff has supplied us with no Illinois authorities contrary to the foregoing rules.

The plaintiff cites authorities from other states which hold that where an appellate tribunal did not make a final determination, there can be a trial of those issues which were not decided. The fact is, however, that our decision in the first case was a final determination on these facts between these parties and, therefore, the authorities cited by the plaintiff do not apply. See, Government Employees Ins. Co. v. Dennis, 90 Ill App2d 356, 361, 232 NE2d 750 (1967).

We conclude that the trial court was correct, both in entering judgment for the defendant in the full amount of his claim and in dismissing the plaintiff's counterclaim.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.