HARDY SLEDGE, Plaintiff-Appellant, *v.* ROBERT DALE BRUCE, Defendant-Appellee.

Fifth District   No. 76-244

Opinion filed January 21, 1977.

Joe Harrison, of Cochran & Harrison, of Fairfield, for appellant.

Donald G. Musick, of Kirk & Musick, of Mt. Vernon, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from a judgment of the circuit court of Wayne County where the trial court, sitting without a jury, found that plaintiff failed to establish his cause by a preponderance of the evidence.

Plaintiff filed a complaint and an amended complaint alleging damage to corn stored in defendant's grain bins under a bailment agreement, the care of the corn being defendant's responsibility. Defendant maintained in his answers that the agreement was for the lease of the bins and that the care of the corn remained plaintiff's responsibility. On the basis that the evidence was evenly divided, the trial court found that the plaintiff failed to sustain his burden of proof.

In November, 1973, the parties met on Route 15, west of Wayne City, and made an oral agreement whereby the defendant was to dry corn for the plaintiff. The parties differed as to whether an agreement concerning the storage of the corn was made at this time or at a later date. Plaintiff and John Anderson, an employee of plaintiff at the time, both testified that at the meeting on Route 15 defendant said he would dry and store plaintiff's corn. Defendant did not recall whether the agreement was made on that occasion or at a later time when the corn was brought for drying.

Plaintiff testified that defendant agreed to take the job of drying and storing corn and that there was no conversation regarding ventilation of the corn during storage. Defendant claimed, on the contrary, that he agreed to lease bins to plaintiff for storage of corn and that he would provide the ventilating equipment and electricity. Defendant also claimed that at the time he leased the bins to plaintiff they discussed the responsibility for the corn and that it was to be plaintiff's responsibility. He further indicated that he had phoned plaintiff approximately six times to remind him about the need to ventilate his corn, since it was in danger of damage. He said that plaintiff made no response except to tell the defendant to take care of it. Plaintiff denied that he received any such calls from the defendant.

■■ Plaintiff alleged the existence of a bailment agreement and the defendant's violation of that agreement by his failure to properly aerate the corn during the period of storage. As defendant has noted, where personal property left upon another's premises might amount to a bailment or some other type of relationship, "the test is whether or not the person leaving the property has made such a delivery as to amount to a relinquishment, for the duration of the relation, of his exclusive possession, control and dominion over the property, so that the person upon whose premises it is left can exclude, within the limits of the agreement, the possession of all others." (*T. R. Booth & Co. v. Loy,* 100 Ill. App. 2d 333, 338, 241 N.E.2d 315.) Thus the plaintiff would have had to prove by a preponderance of the evidence that he relinquished exclusive possession, control and dominion over the corn. He claimed that the defendant agreed to store and care for his corn, whereas the defendant claimed that he agreed only to provide the bins for the storage and the equipment for the proper care of the corn during the storage. If plaintiff was responsible for the care of the corn during storage, defendant would not have had exclusive possession and control over the corn. As the trial judge found, the evidence is evenly divided as to who had responsibility for the ventilation of the corn. In failing to prove that defendant had responsibility for the care of plaintiff's corn during storage, plaintiff failed to prove the existence of the bailment relationship. In the absence of that relationship, defendant was under no obligation to care for plaintiff's corn. Accordingly, he was not negligent in failing to ventilate plaintiff's corn.

For the foregoing reasons the judgment of the circuit court of Wayne County is affirmed.

Judgment affirmed.

CARTER, P. J., and EBERSPACHER, J., concur.