In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-117 CV


____________________



SISTERS OF CHARITY OF THE INCARNATE WORD,


HOUSTON, TEXAS d/b/a ST. ELIZABETH HOSPITAL OF BEAUMONT, 
Appellant


V.



PHIL MEAUX, Appellee






On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Cause No. 90076






OPINION



 This case decides the question of whether the loss of valuables by theft from a
locker being used by a member or guest of a gym, health club, wellness center, swimming
pool, or similar facility creates a bailment, a landlord-tenant relationship and/or a
warranty, express or implied.


 Sisters of Charity of the Incarnate Word, Houston, Texas d/b/a St. Elizabeth
Hospital of Beaumont, appellant, the operator of a health and wellness center, appeals from
an adverse judgment holding it liable for the theft loss of appellee Phil Meaux's expensive
watch, jewelry and cash from the locker assigned to appellee while swimming at the
center. A jury found that appellant failed to comply with a bailment contract, and/or a
warranty contract, express or implied, with the appellee and the trial court rendered
judgment for appellee in the amount of $19,500 plus interest and attorney's fees. The jury
found there was no negligence of either appellant or appellee. We reverse and render.

 Appellant contends there was no evidence: (1) of a bailment contract; or (2) of an
express or implied warranty; and (3) the trial court erred in failing to render judgment for
appellant that appellee take nothing.

Factual and Procedural Background


 Appellee's Rolex watch, money clip and $400 cash was stolen after the locker he
was using at appellant's "Wellness Center" was pried open on January 19, 2000. 
Appellant furnished a lock and key for use on the locker and retained a master key for use
if appellee lost the key loaned to him or if appellee inadvertently left the premises with the
key and the locker locked. The appellant's rules provided, "All personal belongings
should be stored in your locker. The Health & Wellness Center is not responsible for lost
or stolen items. . . . The Wellness Center cannot assure the safety of your valuables and
we suggest that you do not bring items of high personal or monetary value to the center." 
Appellee did not give appellant notice he was storing his Rolex watch and $400 cash, and
admitted he knew and relied on the rules of the "Wellness Center" before he stored such
property. Appellee also admitted appellant did not guarantee that appellee's property
would not be stolen and that he had read and relied on the Center's rule that it was not
responsible for lost or stolen items of members or guests. A sign stating "We cannot
assure the safety of your valuables." was posted at the Center's sign-in desk. Appellant
alleged causes of action for negligence and breach of a bailment contract and warranty. 
A jury trial was conducted, appellant's motion for directed verdict was overruled, the jury
found appellant was not negligent, but that appellant failed to comply with a bailment
agreement and a warranty, and awarded $19,500 damages to appellee for the loss of his
property. Appellant's motions to disregard certain jury findings and for judgment
notwithstanding the verdict were overruled and judgment was entered against appellant for
the amount of damages awarded by the jury plus attorney's fees, interest and costs. 
Appellant appealed.

Standard of Review


 In reviewing no evidence points, we must review the evidence in a light which tends
to support the finding of the disputed fact and disregard all evidence and inferences to the
contrary. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241-42 (Tex. 2001). 

 The denial of a motion for judgment n.o.v. is reviewed under the same no evidence
standard, viewing the evidence in the light most favorable to the nonmovant, rejecting
unfavorable evidence and inferences. See GXG, Inc. v. Texacal Oil & Gas, 977 S.W.2d
403, 409 (Tex. App.- Corpus Christi 1998, pet. denied); Gregorcyk v. Al Hogan Builder,
Inc., 884 S.W.2d 523, 525 (Tex. App.- Corpus Christi 1994, pet. denied). If more than
a scintilla of evidence supports the challenged finding, the no evidence challenge must fail. 
General Motors Corp. v. Sanchez, 997 S.W.2d 584, 588 (Tex. 1999).

 When reversing a trial court's judgment, the court must render the judgment that
the trial court should have rendered, except when: (a) a remand is necessary for further
proceedings; or (b) the interests of justice require a remand for another trial. Tex. R. App.
P. 43.3.

Issues


 Appellant's issue number one argues the trial court erred in rendering judgment for
appellee on his "bailment" theory because: (a) there was no evidence of a bailment
agreement, and (b) the jury found that appellant was not negligent.

 In no evidence issues we consider and review the evidence which tends to support
the finding of disputed fact and disregard all evidence and inferences to the contrary. Dow
Chem. Co. v. Francis, 46 S.W.3d at 241-42. We consider the following evidence as
tending to support jury finding number three which finds appellant failed to comply with
a bailment agreement with appellee: that appellee was a member of appellant's wellness
center and was entitled to use one of appellant's lockers for storing his clothes and
valuables while he swam in the center's pool; appellant's premises were perceived by
appellee and others to be safe because members paid higher dues than any other facility
in Beaumont; appellant provided but retained title to the locker and the lock and key
thereto; appellant kept a master key and had the ability to open lockers in situations where
a member lost or misplaced a key to one of the lockers, or inadvertently left a locker
locked; appellant retained control over the facility; appellant's written Rule 15 requests its
members to remove and lock all jewelry in the provided lockers before entering the
swimming pool to avoid loss of items while swimming; on January 19, 2000, prior to
going swimming, appellee locked his expensive Rolex watch, a money clip and $400 cash
in the locker assigned to him, and, upon returning from swimming he discovered the
locker he used had been pried open, and his watch and money had been stolen by some
unknown person.

 Appellant argues there was no evidence to prove the essential bailment elements of
knowledge and delivery, and the trial court erred by overruling its motions for directed
verdict and for non obstante veredicto for the same reason. Appellant briefs the Texas law
generally and cites several cases decided by out-of-state courts where the controlling issue
was whether a bailment or a lease is created between the user of a locker or storage area
and the owner of the premises, and claims a lease relationship, not a bailor/bailee
relationship, existed between appellant and appellee.

 The basic elements of a bailment are: (1) the delivery of personal property by one
person to another in trust for a specific purpose; (2) acceptance of such delivery; (3) an
express or implied contract that the trust will be carried out; and (4) an understanding
under the terms of the contract that the property will be returned to the transferor or dealt
with as the transferor directs. Yoakum Grain, Inc. v. Energy Indus., Inc., 511 S.W.2d 95,
98 (Tex. Civ. App. - Corpus Christi 1974, no writ); Sears, Roebuck and Co. v. Wilson,
963 S.W.2d 166, 168-69 (Tex. App. - Fort Worth 1998); 8A Tex. Jur. 3d, Bailments §
3 (1995). A bailee has the duty to exercise ordinary care over the goods and is therefore
"responsible" for the bailor's goods. Marine Indem. Ins. Co. of America v. Lockwood
Warehouse & Storage, 115 F.3d 282, 286 (5th Cir. 1997). In contrast, a lease is "a
transfer of interest in and possession of property for a prescribed period of time in
exchange for an agreed consideration called 'rent'." Id. The lessor has the duty of
ordinary care in maintaining the premises it controls, but does not have a duty to exercise
care regarding the lessee's property stored on the premises. Id. The lessor is therefore
not "responsible" for the property of the lessee. Id. As between the owner of premises
and the owner of personal property left in a locker on the premises when exclusive
possession thereof has not been delivered and control and dominion of the property is
dependent in no degree upon the co-operation of the owner of the premises, a landlord and
tenant relationship is created, not a bailment. Marsh v. American Locker Co., 72 A.2d
343, 345-46 (N.J. Super. Ct. App. Div. 1950)(held that the deposit of a package in a
locker in a railroad station did not create a common law bailment upon which an action
could be based without any affirmative showing of negligence or other proof of contractual
relationship between the parties). Id., see T.R. Booth & Co. v. Loy, 241 N.E.2d 315, 316-17 (Ill. App. Ct. 1968)(where it was concluded that storage of goods in a warehouse was
more comparable to landlord-tenant than bailor-bailee because there was "no delivery and
relinquishment of exclusive possession by the bailor [plaintiff]," and the plaintiff's control
over and access to the property was not entirely dependent upon the defendant's
cooperation and control. Id. at 317. "Having failed to establish either the delivery and
acceptance of exclusive possession in the defendant, or defendant's specific knowledge of
articles entrusted to him, plaintiff has failed to establish the necessary elements of
[bailment]." Id. at 317-18. In Theobald v. Satterthwaite, 190 P.2d 714 (Wash. 1948), a
beauty shop customer left her expensive fur coat on a hook in the defendant's reception
room from where it was stolen. The court held there was no bailment because of
defendant's lack of knowledge of the plaintiff's fur coat, and "there was no change of
possession or delivery" of the property and the defendant had "not knowingly received the
exclusive possession and dominion over it" and was "unaware that a valuable fur coat had
been left in the reception room." Id. at 715-16. 

 Appellee claims the facts show an implied bailment agreement may be proved by
direct or circumstantial evidence and it was not necessary that delivery and acceptance be
formal. However the cases cited by appellee do not involve lockers used in situations as
in this case where the owner of the premises (locker) has no knowledge of the extent of the
value of the property stored in the lockers, and suggests in its rules that items of high
personal or monetary value not be brought to the premises. Appellant could reasonably
expect that only ordinary personal belongings be placed in the lockers, and would not have
agreed to a violation of its rules by someone storing valuables of high personal or
monetary value. The owners of the premises in the cases cited by appellee had the
opportunity to see the property they were to safe keep, and/or make an assessment of
whether to accept the property and the responsibility in such connection. In Knowles v.
City of Granbury, 953 S.W.2d 19, 23 (Tex. App. - Fort Worth 1997, writ denied), the
owner of the hangar had an opportunity to see the airplanes accepted for storage in his
hangar. In Shamrock Hilton Hotel v. Caranas, 488 S.W.2d 151(Tex. Civ. App. - 
Houston [14th Dist.] 1972, writ ref'd n.r.e.), the hotel's restaurant cashier had an
opportunity to examine the found purse's contents and was in a position to protect the
bailor and the bailee by identifying the true owner. In Berlow v. Sheraton Dallas Corp.,
629 S.W.2d 818, 822 (Tex. App. - Dallas 1982, writ ref'd n.r.e.), it was held a hotel
could foresee guests would store valuable jewelry in its safe for which the hotel assumed
custody as part of the service when renting a room. Although some of the cases cited by
appellant are from out-of-state jurisdictions, we do not agree with appellee's assertion that
they are distinguishable and non-controlling. Such cases are factually in point and are not
contrary to Texas regarding the law of bailment and landlord and tenant.

 There was no evidence of delivery and acceptance of appellee's property by
appellant. Appellant had no knowledge of what appellee placed in the locker but had the
right to expect no belongings of a high monetary value would be placed in the locker
contrary to its rules, and that it would not be liable for the loss of appellee's property by
theft. We conclude there was no bailment agreement between appellant and appellee, and
the use of the locker by appellee created a landlord-tenant relationship between the parties. 
The parties' respective responsibilities and liability are governed by the rules of the
Wellness Center and there is no presumption of negligence as ordinarily used in bailment
cases. See Marine Indem. Ins. Co. of America v. Lockwood Warehouse & Storage, 115
F.3d at 286. The appellant had no knowledge, and no semblance of custody, possession
or control, and where there is no such delivery and relinquishment of exclusive possession,
and its control and dominion over the appellee's property is dependent in no degree upon
the co-operation of appellant, and its access thereto is in no wise subject to its control, the
appellee is a tenant or lessee of the locker upon the premises where appellee's property
was left. Cornelius v. Berinstein, 183 Misc. 685, 50 N.Y.S.2d 186, 188-89 (N.Y. Sup.
Ct. 1944). There was no evidence from which an informal, constructive or implied
bailment could have been established or inferred.

 The trial court erred in overruling appellant's motions for directed verdict, and for
judgment notwithstanding the verdict of the jury. There was no evidence of a bailment
agreement. The errors probably caused the rendition of an improper judgment. Tex. R.
App. P. 44.1(a)(1).

 We sustain appellant's issue number one.

 Appellant's issue number two contends the trial court erred in rendering judgment
for appellee on his "warranty" theory because: (a) there is no evidence of an express or
implied warranty, and (b) Texas law does not recognize an implied warranty for the
services provided by appellant.

 Appellee did not rely on any representations or statements of appellant which would
give rise to an express warranty. There is no evidence of an express warranty, and the
cases cited by appellant indicate the absense of an implied warranty in Texas regarding the
use of a locker as by appellee in this case. Rocky Mountain Helicopters, Inc. v. Lubbock
County Hosp. Dist., 987 S.W.2d 50, 52-53 (Tex. 1998); Melody Home Mfg. Co. v.
Barnes, 741 S.W.2d 349, 353 (Tex. 1987); and MacIntire v. Armed Forces Benefit Ass'n,
27 S.W.3d 85, 91 (Tex. App. - San Antonio 2000, no pet.). Appellee has not cited any
authority that establishes an implied warranty as he has alleged. Tex. R. App. P. 38.1(h). 
The implied warranties provided by the Texas Uniform Commercial Code (1) do not provide
an implied warranty applicable to lockers as part of health and wellness services. We have
not found any cases holding the common law establishes such an implied warranty.

 The trial court erred in overruling appellant's motion for directed verdict, and for
judgment not withstanding the verdict. There was no evidence of an express warranty; and 
there is no such implied warranty in Texas. The errors probably caused the rendition of
an improper judgment. Tex. R. App. P. 44.1(a)(1).

 We sustain appellant's issue number two.

 Appellant's issue number three states that the trial court erred in failing to render
judgment for appellant that the Plaintiff take nothing. This court should, accordingly,
reverse the trial court and render a take-nothing judgment against appellee.

 In view, we sustained appellant's issues number one and two, it is axiomatic that
we sustain appellant's issue number three, which we do. We must reverse and render the
judgment that the trial court should have rendered. Tex. R. App. P. 43.3.

 We reverse and render judgment of the trial court that the appellee take nothing
against appellant.

 REVERSED AND RENDERED.




 _____________________________

 MAURICE AMIDEI (2) 

 Justice

 

Submitted on October 20, 2003

Opinion Delivered December 4, 2003


Before McKeithen, C.J., Burgess and Amidei, JJ.




 
1. Tex. Bus. & Com. Code §§ 2.314, 2.315 and 2.316 (Vernon 1994).
2. The Honorable Maurice Amidei, sitting by assignment pursuant to Tex. Gov't
Code Ann. § 74.003(b) (Vernon 1998).