In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-123 CV


____________________



WAYNE AND LINDA SMALL, Appellant



V.



SHANA SMALL, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 05-06-05525 CV






 OPINION 


 This appeal involves a dispute over a diamond that the defendant, a Virginia resident,
received in Texas. The defendant filed a special appearance and the trial court granted it. 
We reverse and remand.

Background


 Plaintiffs Wayne and Linda Small, residents of Montgomery County, Texas, provided 
Shana Mattson, fiancee of their son Brian, with a diamond for her engagement ring. The
parties now dispute whether the diamond was a gift or a loan. At all material times, Shana
was a resident of Virginia. 

 On July 8, 2000, Brian and Shana became engaged to be married. According to
Shana, Brian's parents gave her a diamond from their jewelry in Texas. In contrast, the
Smalls contend they told Shana she "could borrow" a diamond from them until Brian could
purchase an engagement ring for her with his own money. 

 In December 2000, Shana came to Texas to select a diamond from the Smalls'
jewelry. Shana chose a 1.75 carat diamond to mount in a ring setting that she contends she
and Brian purchased. A Texas jewelry store set the diamond for the couple, who
subsequently married in Virginia on July 7, 2001. In November 2004, Shana filed for
divorce in Virginia. Shana's and Brian's divorce is now final. 

 When Linda heard of Brian's impending divorce, she asked Shana to return the
diamond, but Shana declined. On June 20, 2005, the Smalls sued Shana alleging conversion
and theft. Shana filed a special appearance as provided by Rule 120a of the Texas Rules of
Civil Procedure. 

 Following a special appearance hearing, the trial court found that the Smalls' claims
did not arise from Shana's contacts with Texas, and that she did not purposefully avail
herself of the privilege of conducting activities in Texas. The trial court further found that
Linda told Shana the diamond was a gift. Thus, it appears that the trial court reached the
merits of the parties' dispute in resolving the jurisdictional issue. 

 On appeal, the Smalls assert that a Texas court has specific jurisdiction over Shana
because their claims arise out of Shana's conduct in Texas, and her contacts with Texas were
purposeful. The Smalls request that we reverse the trial court's order dismissing their suit. 

Standard of Review


 "The plaintiff bears the initial burden of pleading sufficient allegations to bring a
nonresident defendant within the provisions of the long-arm statute." BMC Software
Belgium, N.V. v. Marchand, 83 S.W.3d 789, 793 (Tex. 2002). "A defendant challenging a
Texas court's personal jurisdiction over it must negate all jurisdictional bases." Id. 

 Whether a court has personal jurisdiction over a defendant is a question of law. Am.
Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 805-06 (Tex. 2002). When a
jurisdictional dispute requires the trial court to resolve questions of fact, we review the
court's factual findings for legal and factual sufficiency and its legal conclusions de novo. 
BMC Software, 83 S.W.3d at 794. We will affirm the trial court=s judgment on any legal
theory that finds support in the evidence. See id. (stating that if trial court's conclusion of
law is incorrect, but trial court rendered proper judgment, its erroneous legal conclusion does
not require reversal).

 Nevertheless, in resolving factual disputes, the trial court should limit its jurisdictional
decision to physical facts of the matter rather than basing its decision on what the parties
thought, said, or intended. Michiana Easy Livin' Country, Inc. v. Holten, 168 S.W.3d 777,
791 (Tex. 2005). We are also mindful that the special appearance rule provides that "[n]o
determination of any issue of fact in connection with the objection to jurisdiction is a
determination of the merits of the case or any aspect thereof." Tex. R. Civ. P. 120a(2). 



Personal Jurisdiction

 A court may exercise personal jurisdiction over a nonresident defendant if the
nonresident's minimum contacts with the forum state give rise to either specific jurisdiction
or general jurisdiction. BMC Software, 83 S.W.3d at 795 (citing Helicopteros Nacionales
de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). 
Personal jurisdiction over nonresident defendants is constitutional when two conditions are
met: (1) the defendant has established minimum contacts with the forum state; and (2) the
exercise of jurisdiction comports with traditional notions of fair play and substantial justice. 
Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945);
BMC Software, 83 S.W.3d at 795. Because the Texas long-arm statute extends as far as
federal due process permits, the long-arm's statutory requirements are satisfied if the exercise
of personal jurisdiction comports with federal due process limitations. Guardian Royal Exch.
Assurance, Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991). 

 In this case, the pertinent special appearance evidence consisted of the affidavit of
Shana Mattson Small, the affidavit of Linda Small, and portions of a deposition of Shana
Mattson Small. Our review considers whether the evidence supports the trial court's
determination that Shana's contacts with Texas are insufficient to meet federal due process
requirements.

Analysis

 The Smalls contend that Texas courts have specific jurisdiction over their claims
against Shana. "[W]hen a State exercises personal jurisdiction over a defendant in a suit
arising out of or related to the defendant's contacts with the forum, the State is exercising
'specific jurisdiction' over the defendant." Helicopteros Nacionales de Colombia, S.A. v.
Hall, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Further, "the
touchstone of jurisdictional due process has been 'purposeful availment.'" Michiana, 168
S.W.3d at 784. Nonresident defendants that "purposefully avail" themselves of the
privileges and benefits of conducting business in the forum state have sufficient contacts to
confer personal jurisdiction. BMC Software, 83 S.W.3d at 795. Thus, within the context of
the Smalls' claims, we evaluate whether Shana purposefully availed herself of the protection
of Texas law.

 The Claims


 The Smalls allege that Shana is liable to them for the conversion and theft of the
diamond. Conversion is the unauthorized and wrongful assumption and exercise of
dominion and control over another's personal property to the exclusion of, or inconsistent
with, the owner's rights. Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 447 (Tex. 1971);
Smith v. Maximum Racing, Inc., 136 S.W.3d 337, 341 (Tex. App.-Austin 2004, no pet.). To
prove a claim for personal property-conversion, a plaintiff must show that: (1) the plaintiff
owned or legally possessed the property or was entitled to its possession; (2) the defendant
unlawfully and without authorization assumed and exercised dominion and control over the
property to the exclusion of, or inconsistent with, the plaintiff's ownership rights; (3) the
plaintiff demanded the property's return; and (4) the defendant refused to return it. Smith,
136 S.W.3d at 341. 

 The Smalls also allege a theft in violation of Section 31.03 of the Penal Code. That
section provides, in pertinent part:

 (a) A person commits an offense if he unlawfully appropriates property with
intent to deprive the owner of property.

 (b) Appropriation of property is unlawful if:


 (1) it is without the owner's effective consent;

 (2) the property is stolen and the actor appropriates the property
knowing it was stolen by another[.]

 

Tex. Pen. Code Ann. § 31.03(a), (b) (Vernon Supp. 2006). 


 Essentially, the Smalls claim that they entrusted the diamond to Shana until their son
Brian could afford a replacement. If their version were accepted by a jury, the relationship
between the Smalls and Shana would be the same as that existing between a bailor and
bailee. The basic elements of a bailment are: "(1) the delivery of personal property by one
person to another in trust for a specific purpose; (2) acceptance of such delivery; (3) an
express or implied contract that the trust will be carried out; and (4) an understanding under
the terms of the contract that the property will be returned to the transferor or dealt with as
the transferor directs." Sisters of Charity of the Incarnate Word, Houston, Texas v. Meaux,
122 S.W.3d 428, 431 (Tex. App.-Beaumont 2003, pet. denied). 

Texas Contacts 


 Certain physical facts, as they relate to Shana's contact with the forum, are
undisputed. Both parties agree that: (1) the transfer of the diamond occurred in Texas; (2)
the property prior to its transfer was owned by Texas residents; and (3) Shana had the
diamond set into a ring in Texas. Whether the Smalls intended the diamond to be a gift upon
its transfer to Shana or whether they created a bailor/bailee relationship, the relationship
between the parties upon the diamond's transfer to Shana arose in Texas. By coming to
Texas to get tangible personal property owned by Texas residents, Shana purposefully
availed herself of Texas law to protect whatever interest she had in the diamond upon its
transfer. 

 Texas courts may exercise personal jurisdiction over nonresidents concerning disputes
that arise over the ownership of tangible personal property where the rights of ownership
arise by virtue of the property's transfer in Texas. Murray v. Murray, 515 S.W.2d 387, 390-92 (Tex. Civ. App.-Waco 1974, no writ). In Murray, the Court of Appeals reversed a trial
court order dismissing a conversion claim against a nonresident where the claim arose from
the transfer of an airplane located in Texas. The putative donees of the gift were Texas
residents, and after the alleged gift, the nonresident widow of the donor came to Texas,
moved the airplane, and allegedly sold it. Id. at 391. The court held the widow's contacts
were "sufficient to cause her to be subject to the jurisdiction of the Texas trial court." Id. at
392. In both this case and Murray, the tangible properties at issue were located in Texas
when the transfers allegedly occurred. 

 Jurisdiction is proper if the cause of action arises from a particular activity in the
forum. See Schlobohm v. Schapiro, 784 S.W.2d 355, 356-57 (Tex. 1990). Here, the Smalls'
claims arise from a disputed property transfer that occurred in Texas. We hold that the
record presents sufficient contacts for a Texas court to exercise personal jurisdiction over
Shana for claims arising from the disputed ownership of the diamond. 

 We may reverse the decision of the trial court when its factual findings are against the
great weight and preponderance of the evidence. See BMC Software, 83 S.W.3d at 794
(citing Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996). To the extent the trial court found
as a matter of fact that Shana did not purposefully avail herself of the privilege to conduct
activity in Texas, and to the extent the trial court found as a fact that the Smalls' cause of
action did not arise out of Shana's contacts with Texas, the trial court's findings are against
the great weight and preponderance of the evidence. To the extent these findings are the trial
court's conclusions of law, the court erred by concluding that it could not exercise
jurisdiction over this suit. See BMC Software, 83 S.W.3d at 794 (concluding that the
appellate court reviews the trial court's conclusions of law as legal questions).

Findings on the Merits 


 The trial court also entered findings that support Shana's claim that the diamond was 
a gift. Trial courts should avoid reaching the merits of a dispute in resolving whether a Texas
court can exercise personal jurisdiction over a defendant. Michiana, 168 S.W.3d at 791. 
Findings on issues that should not have been submitted are immaterial and can be
disregarded. See Salinas v. Rafati, 948 S.W.2d 286, 288 (Tex. 1997); Spencer v. Eagle Star
Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994). The trial court's findings consistent with
Shana's claim of a gift are immaterial because it was unnecessary for the trial court to decide
whether the Smalls gave Shana the diamond to resolve whether it could exercise personal
jurisdiction over the Smalls' claims. See Michiana, 168 S.W.3d at 791; see also Tex. R. Civ.
P. 120a(2).

Fair Play and Substantial Justice 


 Having held that Shana had sufficient contact with Texas to justify the exercise of
specific jurisdiction, we next consider whether the exercise of personal jurisdiction over
Shana comports with traditional notions of fair play and substantial justice. Guardian Royal
Exch., 815 S.W.2d at 226. When minimum contacts are present, a nonresident must present
a compelling case to show that a court's exercising jurisdiction is unreasonable. See In re
S.A.V., 837 S.W.2d 80, 85 (Tex. 1992). "Only in rare cases . . . will the exercise of
jurisdiction not comport with fair play and substantial justice when the nonresident defendant
has purposefully established minimum contacts with the forum state." Guardian Royal
Exch., 815 S.W.2d at 231. In light of modern transportation and communication, distance
alone is ordinarily insufficient to defeat jurisdiction. Id. 

 In evaluating whether the exercise of jurisdiction complies with traditional notions of
fair play, we consider: (1) the burden on the defendant; (2) the forum state's interest in
adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective
relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution
of controversies; and (5) the shared interest of the several states in furthering fundamental
substantive social policies. Guardian Royal Exch., 815 S.W.2d at 228. 

 The sole factor mentioned by the trial court concerned the burden on Shana. The trial
court found: "For this lawsuit to take place in the State of Texas would work an extreme
hardship on Shana Small." The trial court's findings appear to be based on Shana's affidavit, 
which stated: "I am currently a graduate student at the University of Virginia. For this
lawsuit to take place in the State of Texas would be an extreme hardship on me." 

 With respect to affidavits, Rule 120a provides in pertinent part that "affidavits . . . 
shall set forth specific facts as would be admissible in evidence . . . ." Tex. R. Civ. P. 120a
(3). Generally, conclusory allegations contained in affidavits are insufficient to meet a
movant's burden of proof. See In re Am. Home Products Corp., 985 S.W.2d 68, 74 (Tex.
1998) (finding that conclusory opinions that legal assistant/paralegal did not receive
confidential information insufficient to show allegation); Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 82-83 (Tex. 1992) (finding that conclusory allegation that failure to answer
was due to accident or mistake insufficient to prove accident or mistake without explanation
of nature of the mistake); Robertson Tank Lines, Inc. v. Van Cleave, 468 S.W.2d 354, 361
(Tex. 1971) (holding that an employee's statement that he was in the course and scope of
work when a collision occurred is a legal conclusion that is "without probative value and
cannot raise a fact issue or support a finding of fact"); Cas. Underwriters v. Rhone, 134 Tex.
50, 132 S.W.2d 97, 99 (1939) (holding that testimony of worker that he was working for one
employer rather than another at the time of his injury was a "bare conclusion" and of no
"probative force"). 

 Shana's status as a graduate student at the University of Virginia is likewise
insufficient to demonstrate that litigating this case in Texas would cause her an undue
burden. By itself, proof of status as a student, like distance, is insufficient to show an
unreasonable burden. Otherwise, any out-of-state defendant could defeat jurisdiction by
enrolling in school. Since schools commonly take breaks, allow students leave from class,
or allow students to make up classes, we fail to see how an undue burden is created merely
by a nonresident's status as a graduate student. 

 Other Guardian Royal factors weigh in favor of Texas's jurisdiction. Texas clearly
has an interest in resolving ownership questions about its citizens' tangible personal property. 
See Guardian Royal Exch., 815 S.W.2d at 228. The Smalls clearly have an interest in
obtaining convenient and effective relief in Texas. See id. 

 Based on the record at this point, Guardian Royal's fourth factor, the interests of the
interstate judicial system, weigh in favor of neither party. See id. The efficient resolution
of the dispute involves, in part, an evaluation of the residences of the witnesses who would
be testifying at trial. Although the Smalls' and Shana's residences are apparent, there are
also other potential witnesses whose residences are not reflected in the current record. 
Further, the efficient resolution of the case could include a consideration of whether Texas
or Virginia law would apply. Absent the existence of a valid choice of law clause, and none
is asserted here, Texas courts apply the substantive law of the state with the most significant
relationship to the particular dispute at issue. Duncan v. Cessna Aircraft Co., 665 S.W.2d
414, 420-21 (Tex. 1984); see also Restatement (Second) Of Conflict Of Laws §§ 6,
145, 188 (1971). Although the burden of a court in applying another state's law might be
slight, it is more burdensome to apply foreign law than the law of the forum. The trial court
made no finding regarding whether the law of Texas or that of Virginia would apply to the
dispute. The parties have not argued whether Texas or Virginia law applies to their dispute. 
Based on the present record, we are unable to project whether the law of Texas or Virginia
would apply. Thus, at this point Guardian Royal's fourth factor does not favor either party. 
 Guardian Royal's fifth factor, the interests of the states in furthering their social
policies, favors neither party on the current record. See Guardian Royal Exch., 815 S.W.2d
at 228. Both Texas and Virginia share an interest in protecting the property rights of their
citizens. Neither party has identified any social policy of Virginia or Texas relevant to this
factor. 

 Shana has not shown that a Texas court's exercise of jurisdiction over this property
dispute offends traditional notions of fair play or substantial justice. The trial court erred in
holding otherwise. 

Conclusion

 In summary, Shana has failed to meet her burden to show that litigating this dispute
in Texas does not comport with traditional notions of fair play and substantial justice. 
Because the trial court can exercise specific jurisdiction over Shana, we reverse the trial
court's judgment dismissing the case, and remand the case to the trial court for further
proceedings consistent with this opinion.

 REVERSED AND REMANDED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on October 19, 2006

Opinion Delivered February 1, 2007

Before McKeithen, C.J., Gaultney and Horton, JJ.