**Jack N. MURRAY, Individually and as Next Friend of John Murray, a minor, Appellants,**

v.

**Betty Louise MURRAY, Appellee.**

**No. 5373.**

Court of Civil Appeals of Texas, Waco.

Oct. 31, 1974.

Rehearing Denied Nov. 21, 1974.

Walter J. Woodman, Waxahachie, for appellants.

Lynn B. Griffith, Waxahachie, for appellee.

## OPINION

JAMES, Justice.

This is a suit for conversion of an airplane and a rifle, brought by Appellants against Appellee Mrs. Betty Louise Murray. Defendant-Appellee Mrs. Murray filed a special appearance under Texas Rules of Civil Procedure, rule 120a alleging she was a nonresident of the State of Texas, residing at Tucson, Arizona, at all times material to this suit, and thereby moved for dismissal of Plaintiff-Appellants' suit.

The trial court heard evidence on said motion to dismiss, after which it found that Defendant-Appellee Mrs. Murray was not subject to the jurisdiction of said court; whereupon the trial court dismissed Plaintiff-Appellants' cause. We reverse said order of dismissal and remand the cause for trial on the merits.

The trial court made the following findings of fact:

(1) That Defendant Mrs. Murray resided in the State of Arizona at the time the suit was filed and for some years prior thereto;

(2) That she did not come into Ellis County, Texas, for the sale of an airplane as alleged by Plaintiffs;

(3) That there is no evidence that she transacted any business in Ellis County, Texas, pertaining to said lawsuit;

(4) That she timely objected to being personally sued in Ellis County, Texas, under Rule 120a; and

(5) There is no evidence that she did, in the State of Texas, sell or offer to sell any property which was the subject matter of this litigation.

Based upon the above findings of fact, the trial court made the one conclusion of law to the effect that it did not have jurisdiction over the Defendant Betty Louise Murray and the subject litigation.

Plaintiff-Appellants attack the trial court's order of dismissal under Rule 120a, asserting (1) the Defendant-Appellee Mrs. Murray "failed to carry her burden of proof that she was a nonresident of the State of Texas" and (2) even though she may have been a nonresident of Texas, she the Defendant-Appellee had sufficient minimum contacts with the forum State of Texas so as to require the trial court to assert personal jurisdiction over her. We overrule Appellants' first point and sustain their second point.

We revert to Appellants' first point. Plaintiff-Appellant Jack N. Murray brought this suit in behalf of himself and as next friend of his twelve year old son, John Murray. Plaintiffs alleged themselves to be residents of Ellis County, Texas, and that "Defendant may be served with citation at 1909 West Paseo Reforma, Tucson, Arizona." Plaintiffs further alleged that on or about March 8, 1973, Elmer Donald Murray, the brother of Plaintiff Jack N. Murray and husband of the Defendant Betty Louise Murray, made a gift causa mortis of one certain airplane located in the Sardis community in Ellis County, Texas, to the said Jack N. Murray. At the same time, it was alleged the

said Elmer Donald Murray made a gift causa mortis of one certain rifle to John Murray, the minor Plaintiff. Then it was alleged that two days later, on March 10, 1973, Elmer Donald Murray died in Tucson, Arizona; and thereafter, on June 25, 1973, Defendant Mrs. Betty Louise Murray caused "her agent, servant or employee" to remove the aircraft from its location in Ellis County, Texas, to a location unknown to Plaintiffs, and sold same. The aircraft was alleged to be worth $2000. Plaintiffs' alleged that Elmer Donald Murray on or about March 8, 1973, gave the rifle in question to the minor Plaintiff John Murray; that on or about March 11, 1973, the said John Murray brought the rifle from Tucson, Arizona, to Ellis County, Texas; that thereafter Defendant Mrs. Betty Louise Murray "secreted" the rifle away from John Murray and took it back to Tucson, Arizona. The rifle was alleged to be worth $100.00. Plaintiffs prayed for title and possession of the airplane and rifle and alternatively for judgment for $2100.-00 and costs.

■ As stated above, the trial court found as a fact that Defendant Betty Louise Murray was a resident of the State of Arizona. A trial court's findings of fact will be upheld unless they are manifestly erroneous and they will be overruled only when they are without any evidence of probative force to support them or where they are so against the great weight and preponderance of the evidence as to be manifestly wrong. See Keeton v. Gillam Soap Works (Amarillo CA 1948), 215 S. W.2d 675, error refused NRE; Cortez v. Cortez (San Antonio CA 1970), 457 S. W.2d 131, no writ history, and the cases therein cited. Appellant is correct in his position that during the proceedings had in the trial court, the burden of proof was upon the nonresident contesting the court's jurisdiction. See Hoppenfeld v. Crook (Austin CA 1973), 498 S.W.2d 52, error refused NRE and the authorities therein cited. However, after the trial court has found as a fact that Defendant is a non-

resident of Texas, then on appeal the burden falls upon the Appellant to establish either that there is no evidence of probative force to support such finding or that such finding is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. *Keeton,* supra, and *Cortez,* supra.

■ We believe the evidence to support the trial courts finding of fact (that Mrs. Murray was a nonresident of Texas) is both legally and factually sufficient. It was undisputed that Elmer Donald Murray and the Defendant Betty Louise Murray were residents of the State of Arizona, and that they lived at 1909 West Paseo Reforma, in the City of Tucson, Arizona, for a substantial period of time up to the death of Elmer Donald Murray which occurred March 10, 1973. Prior to living in Tucson, Arizona, they lived in Ellis County, Texas. Elmer Donald Murray had tuberculosis, and they sold their home in Ellis County and moved to Arizona because of his health at sometime between eight months and two years before his death. Plaintiff Jack N. Murray, the brother of the deceased, and another brother were at the above address in Tucson, Arizona, visiting Elmer Donald Murray and Defendant Betty Louise Murray shortly before the deceased died. It was during this visit that the deceased was alleged to have given the airplane to his brother Jack N. Murray and the rifle to his nephew John Murray. Plaintiff Jack N. Murray testified that two days before the deceased died, he and the other brother drove the car owned by Defendant Betty Louise Murray from Tucson, Arizona, back to Ellis County, Texas, and brought some of her personal belongings back, and that they were "helping her move back." However, the Defendant brought her husband's body back to Ellis County, Texas, for burial, stayed in Ellis County two weeks, and then left and disappeared. There was no evidence in the record to show that she ever changed her residence from the above-quoted address in Tucson, Arizona. On the contrary, the

record shows that the Defendant was served with citation by personal service at the above-named address in Tucson, Arizona. Moreover, the Defendant's attorney testified that over a period of several months after suit was filed, he received letters and long distance telephone calls from the Defendant from Tucson, Arizona, and in turn he contacted her by letter and telephone at Tucson, Arizona.

A domicile which has once attached is retained until a new domicile is attained. Before a change of domicile of an adult can be effected there must exist both the fact of personal presence in the new place and the intention to make that new place a home. Peacock v. Bradshaw (1946), 145 Tex. 68, 194 S.W.2d 551. Applying this rule enunciated by *Peacock* to the case at bar, we must presume that Defendant's Arizona domicile continued after her husband's death, in view of the fact that there is no showing in the record of her thereafter having attained or acquired a new or different domicile. We therefore overrule Appellants' first point.

Plaintiff-Appellants' remaining point asserts in effect that even if Defendant-Appellee was a nonresident of Texas, that she had sufficient minimum contacts with the forum State of Texas so as to require the trial court to assert in personam jurisdiction over her. We sustain this contention.

The following facts are undisputed: That for some period of time prior to Elmer Donald Murray's death, the airplane was located at Sardis, in Ellis County, Texas; that the airplane remained there until about three and a half months after his death, that is, until on or about June 25, 1973, when Defendant Betty Louise Murray caused the airplane to be removed from its Ellis County, Texas, location and sold. Moreover, Defendant was personally present in Ellis County, Texas, for a period of two weeks after her husband's death, which was a short time before she had the aircraft removed and sold same.

The foregoing undisputed facts constitute sufficient contact, ties and relations with Texas so as to make Defendant-Appellee subject to the jurisdiction of the Texas court in question. The issue is whether the Texas court has in personam jurisdiction over the nonresident Defendant, that is to say, whether the exercise of personal jurisdiction over the Defendant is consistent with the requirements of due process of law under the United States Constitution. If the exercise of personal jurisdiction over the Defendant does not offend the requirements of due process, then the Texas courts have jurisdiction over the Defendant.

"Due process" requires only that in order to subject a Defendant to a judgment in personam, if he be not present within the territory of the forum, that he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; McGee v. International Life Ins. Co. (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223.

Our own State Supreme Court in O'Brien v. Lanpar Co. (Tex.Sup.Ct.1966), 399 S.W.2d 340, indicated that "due process" requires that the following three factors exist before jurisdiction could be asserted over a nonresident Defendant:

(1) The nonresident Defendant must purposefully do some act or consummate some transaction in the forum state;

(2) the cause of action must arise from, or be connected with, such act or transaction; and

(3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the

parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

For cases which have applied the above *O'Brien* rule, see Custom Textiles, Inc. v. Crown Sample Book Co. (Waco CA 1971), 472 S.W.2d 848, error refused NRE; Uvalde Rock Asphalt Co. v. Consolidated Carpet Corp. (Beaumont CA 1970), 457 S.W.2d 649, error refused NRE; Pizza Inn, Inc. v. Lumar (Eastland CA 1974), 513 S.W.2d 251, no writ history (as yet).

In the case at bar, the contacts made by the nonresident Defendant in and with the State of Texas as hereinabove outlined are sufficient to cause her to be subject to the jurisdiction of the Texas trial court.

Accordingly, we reverse the trial court's order of dismissal and remand the cause for trial on the merits.

Reversed and remanded.