Wayne and Linda SMALL, Appellant,

v.

Shana SMALL, Appellee.

No. 09–06–123 CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 19, 2006.

Decided Feb. 1, 2007.

Catherine A. Palmore, Gauntt & Kruppstadt, LLP, The Woodlands, for appellant.

Kenna M. Seiler, Hope & Causey, P.C., Conroe, for appellee.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

This appeal involves a dispute over a diamond that the defendant, a Virginia resident, received in Texas. The defendant filed a special appearance and the trial court granted it. We reverse and remand.

### Background

Plaintiffs Wayne and Linda Small, residents of Montgomery County, Texas, provided Shana Mattson, fiancee of their son Brian, with a diamond for her engagement ring. The parties now dispute whether the diamond was a gift or a loan. At all material times, Shana was a resident of Virginia.

On July 8, 2000, Brian and Shana became engaged to be married. According to Shana, Brian's parents gave her a diamond from their jewelry in Texas. In contrast, the Smalls contend they told Shana she "could borrow" a diamond from them until Brian could purchase an engagement ring for her with his own money.

In December 2000, Shana came to Texas to select a diamond from the Smalls' jewelry. Shana chose a 1.75 carat diamond to mount in a ring setting that she contends she and Brian purchased. A Texas jewelry store set the diamond for the couple,

who subsequently married in Virginia on July 7, 2001. In November 2004, Shana filed for divorce in Virginia. Shana's and Brian's divorce is now final.

When Linda heard of Brian's impending divorce, she asked Shana to return the diamond, but Shana declined. On June 20, 2005, the Smalls sued Shana alleging conversion and theft. Shana filed a special appearance as provided by Rule 120a of the Texas Rules of Civil Procedure.

Following a special appearance hearing, the trial court found that the Smalls' claims did not arise from Shana's contacts with Texas, and that she did not purposefully avail herself of the privilege of conducting activities in Texas. The trial court further found that Linda told Shana the diamond was a gift. Thus, it appears that the trial court reached the merits of the parties' dispute in resolving the jurisdictional issue.

On appeal, the Smalls assert that a Texas court has specific jurisdiction over Shana because their claims arise out of Shana's conduct in Texas, and her contacts with Texas were purposeful. The Smalls request that we reverse the trial court's order dismissing their suit.

### Standard of Review

■ "The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the long-arm statute." *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex.2002). "A defendant challenging a Texas court's personal jurisdiction over it must negate all jurisdictional bases." *Id.*

■ Whether a court has personal jurisdiction over a defendant is a question of law. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 805–06 (Tex. 2002). When a jurisdictional dispute re-

quires the trial court to resolve questions of fact, we review the court's factual findings for legal and factual sufficiency and its legal conclusions de novo. *BMC Software*, 83 S.W.3d at 794. We will affirm the trial court's judgment on any legal theory that finds support in the evidence. *See id.* (stating that if trial court's conclusion of law is incorrect, but trial court rendered proper judgment, its erroneous legal conclusion does not require reversal).

■ Nevertheless, in resolving factual disputes, the trial court should limit its jurisdictional decision to physical facts of the matter rather than basing its decision on what the parties thought, said, or intended. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 791 (Tex. 2005). We are also mindful that the special appearance rule provides that "[n]o determination of any issue of fact in connection with the objection to jurisdiction is a determination of the merits of the case or any aspect thereof." TEX.R. CIV. P. 120a(2).

### Personal Jurisdiction

■ A court may exercise personal jurisdiction over a nonresident defendant if the nonresident's minimum contacts with the forum state give rise to either specific jurisdiction or general jurisdiction. *BMC Software*, 83 S.W.3d at 795 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Personal jurisdiction over nonresident defendants is constitutional when two conditions are met: (1) the defendant has established minimum contacts with the forum state; and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945); *BMC Software*, 83 S.W.3d at 795. Because the Texas long-arm stat-

ute extends as far as federal due process permits, the long-arm's statutory requirements are satisfied if the exercise of personal jurisdiction comports with federal due process limitations. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

In this case, the pertinent special appearance evidence consisted of the affidavit of Shana Mattson Small, the affidavit of Linda Small, and portions of a deposition of Shana Mattson Small. Our review considers whether the evidence supports the trial court's determination that Shana's contacts with Texas are insufficient to meet federal due process requirements.

### Analysis

■ The Smalls contend that Texas courts have specific jurisdiction over their claims against Shana. "[W]hen a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Further, "the touchstone of jurisdictional due process has been 'purposeful availment.'" *Michiana*, 168 S.W.3d at 784. Nonresident defendants that "purposefully avail" themselves of the privileges and benefits of conducting business in the forum state have sufficient contacts to confer personal jurisdiction. *BMC Software*, 83 S.W.3d at 795. Thus, within the context of the Smalls' claims, we evaluate whether Shana purposefully availed herself of the protection of Texas law.

### The Claims

■ The Smalls allege that Shana is liable to them for the conversion and theft of the diamond. Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over another's personal property to the exclusion of, or inconsistent with, the owner's rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex.1971); *Smith v. Maximum Racing, Inc.*, 136 S.W.3d 337, 341 (Tex. App.-Austin 2004, no pet.). To prove a claim for personal property-conversion, a plaintiff must show that: (1) the plaintiff owned or legally possessed the property or was entitled to its possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's ownership rights; (3) the plaintiff demanded the property's return; and (4) the defendant refused to return it. *Smith*, 136 S.W.3d at 341.

The Smalls also allege a theft in violation of Section 31.03 of the Penal Code. That section provides, in pertinent part:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent;

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another[.]

TEX. PEN.CODE ANN. § 31.03(a), (b) (Vernon Supp.2006).

■ Essentially, the Smalls claim that they entrusted the diamond to Shana until their son Brian could afford a replacement. If their version were accepted by a jury, the relationship between the Smalls and Shana would be the same as that existing between a bailor and bailee. The basic elements of a bailment are: "(1) the delivery of personal property by one person to

another in trust for a specific purpose; (2) acceptance of such delivery; (3) an express or implied contract that the trust will be carried out; and (4) an understanding under the terms of the contract that the property will be returned to the transferor or dealt with as the transferor directs." *Sisters of Charity of the Incarnate Word, Houston, Texas v. Meaux*, 122 S.W.3d 428, 431 (Tex.App.-Beaumont 2003, pet. denied).

### Texas Contacts

██ Certain physical facts, as they relate to Shana's contact with the forum, are undisputed. Both parties agree that: (1) the transfer of the diamond occurred in Texas; (2) the property prior to its transfer was owned by Texas residents; and (3) Shana had the diamond set into a ring in Texas. Whether the Smalls intended the diamond to be a gift upon its transfer to Shana or whether they created a bailor/bailee relationship, the relationship between the parties upon the diamond's transfer to Shana arose in Texas. By coming to Texas to get tangible personal property owned by Texas residents, Shana purposefully availed herself of Texas law to protect whatever interest she had in the diamond upon its transfer.

██ Texas courts may exercise personal jurisdiction over nonresidents concerning disputes that arise over the ownership of tangible personal property where the rights of ownership arise by virtue of the property's transfer in Texas. *Murray v. Murray*, 515 S.W.2d 387, 390–92 (Tex.Civ. App.-Waco 1974, no writ). In *Murray*, the Court of Appeals reversed a trial court order dismissing a conversion claim against a nonresident where the claim arose from the transfer of an airplane located in Texas. The putative donees of the gift were Texas residents, and after the alleged gift, the nonresident widow of the donor came to Texas, moved the airplane, and allegedly sold it. *Id.* at 391. The court held the widow's contacts were "sufficient to cause her to be subject to the jurisdiction of the Texas trial court." *Id.* at 392. In both this case and *Murray*, the tangible properties at issue were located in Texas when the transfers allegedly occurred.

Jurisdiction is proper if the cause of action arises from a particular activity in the forum. *See Schlobohm v. Schapiro*, 784 S.W.2d 355, 356–57 (Tex.1990). Here, the Smalls' claims arise from a disputed property transfer that occurred in Texas. We hold that the record presents sufficient contacts for a Texas court to exercise personal jurisdiction over Shana for claims arising from the disputed ownership of the diamond.

We may reverse the decision of the trial court when its factual findings are against the great weight and preponderance of the evidence. *See BMC Software*, 83 S.W.3d at 794 (citing *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996)). To the extent the trial court found as a matter of fact that Shana did not purposefully avail herself of the privilege to conduct activity in Texas, and to the extent the trial court found as a fact that the Smalls' cause of action did not arise out of Shana's contacts with Texas, the trial court's findings are against the great weight and preponderance of the evidence. To the extent these findings are the trial court's conclusions of law, the court erred by concluding that it could not exercise jurisdiction over this suit. *See BMC Software*, 83 S.W.3d at 794 (concluding that the appellate court reviews the trial court's conclusions of law as legal questions).

### Findings on the Merits

██ The trial court also entered findings that support Shana's claim that

the diamond was a gift. Trial courts should avoid reaching the merits of a dispute in resolving whether a Texas court can exercise personal jurisdiction over a defendant. *Michiana*, 168 S.W.3d at 791. Findings on issues that should not have been submitted are immaterial and can be disregarded. *See Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex.1997); *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex.1994). The trial court's findings consistent with Shana's claim of a gift are immaterial because it was unnecessary for the trial court to decide whether the Smalls gave Shana the diamond to resolve whether it could exercise personal jurisdiction over the Smalls' claims. *See Michiana*, 168 S.W.3d at 791; *see also* TEX.R. CIV. P. 120a(2).

Fair Play and Substantial Justice

■ Having held that Shana had sufficient contact with Texas to justify the exercise of specific jurisdiction, we next consider whether the exercise of personal jurisdiction over Shana comports with traditional notions of fair play and substantial justice. *Guardian Royal Exch.*, 815 S.W.2d at 226. When minimum contacts are present, a nonresident must present a compelling case to show that a court's exercising jurisdiction is unreasonable. *See In re S.A.V.*, 837 S.W.2d 80, 85 (Tex. 1992). "Only in rare cases ... will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Guardian Royal Exch.*, 815 S.W.2d at 231. In light of modern transportation and communication, distance alone is ordinarily insufficient to defeat jurisdiction. *Id.*

■ In evaluating whether the exercise of jurisdiction complies with traditional notions of fair play, we consider: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Guardian Royal Exch.*, 815 S.W.2d at 228.

■ The sole factor mentioned by the trial court concerned the burden on Shana. The trial court found: "For this lawsuit to take place in the State of Texas would work an extreme hardship on Shana Small." The trial court's findings appear to be based on Shana's affidavit, which stated: "I am currently a graduate student at the University of Virginia. For this lawsuit to take place in the State of Texas would be an extreme hardship on me."

With respect to affidavits, Rule 120a provides in pertinent part that "affidavits ... shall set forth specific facts as would be admissible in evidence...." TEX.R. CIV. P. 120a (3). Generally, conclusory allegations contained in affidavits are insufficient to meet a movant's burden of proof. *See In re Am. Home Products Corp.*, 985 S.W.2d 68, 74 (Tex.1998) (finding that conclusory opinions that legal assistant/paralegal did not receive confidential information insufficient to show allegation); *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82–83 (Tex.1992) (finding that conclusory allegation that failure to answer was due to accident or mistake insufficient to prove accident or mistake without explanation of nature of the mistake); *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 361 (Tex.1971) (holding that an employee's statement that he was in the course and scope of work when a collision occurred is a legal conclusion that is "without probative value and cannot raise a fact issue or support a finding of fact"); *Cas. Under-*

*writers v. Rhone,* 134 Tex. 50, 132 S.W.2d 97, 99 (1939) (holding that testimony of worker that he was working for one employer rather than another at the time of his injury was a "bare conclusion" and of no "probative force").

Shana's status as a graduate student at the University of Virginia is likewise insufficient to demonstrate that litigating this case in Texas would cause her an undue burden. By itself, proof of status as a student, like distance, is insufficient to show an unreasonable burden. Otherwise, any out-of-state defendant could defeat jurisdiction by enrolling in school. Since schools commonly take breaks, allow students leave from class, or allow students to make up classes, we fail to see how an undue burden is created merely by a nonresident's status as a graduate student.

■ Other *Guardian Royal* factors weigh in favor of Texas's jurisdiction. Texas clearly has an interest in resolving ownership questions about its citizens' tangible personal property. *See Guardian Royal Exch.,* 815 S.W.2d at 228. The Smalls clearly have an interest in obtaining convenient and effective relief in Texas. *See id.*

■ Based on the record at this point, *Guardian Royal's* fourth factor, the interests of the interstate judicial system, weigh in favor of neither party. *See id.* The efficient resolution of the dispute involves, in part, an evaluation of the residences of the witnesses who would be testifying at trial. Although the Smalls' and Shana's residences are apparent, there are also other potential witnesses whose residences are not reflected in the current record. Further, the efficient resolution of the case could include a consideration of whether Texas or Virginia law would apply. Absent the existence of a valid choice of law clause, and none is asserted here, Texas courts apply the substantive law of the state with the most significant relationship to the particular dispute at issue. *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 420–21 (Tex.1984); *see also* RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 6, 145, 188 (1971). Although the burden of a court in applying another state's law might be slight, it is more burdensome to apply foreign law than the law of the forum. The trial court made no finding regarding whether the law of Texas or that of Virginia would apply to the dispute. The parties have not argued whether Texas or Virginia law applies to their dispute. Based on the present record, we are unable to project whether the law of Texas or Virginia would apply. Thus, at this point *Guardian Royal's* fourth factor does not favor either party.

*Guardian Royal's* fifth factor, the interests of the states in furthering their social policies, favors neither party on the current record. *See Guardian Royal Exch.,* 815 S.W.2d at 228. Both Texas and Virginia share an interest in protecting the property rights of their citizens. Neither party has identified any social policy of Virginia or Texas relevant to this factor.

Shana has not shown that a Texas court's exercise of jurisdiction over this property dispute offends traditional notions of fair play or substantial justice. The trial court erred in holding otherwise.

### Conclusion

In summary, Shana has failed to meet her burden to show that litigating this dispute in Texas does not comport with traditional notions of fair play and substantial justice. Because the trial court can exercise specific jurisdiction over Shana, we reverse the trial court's judgment dismissing the case, and remand the case

to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.