William B. FLEISCHER, Appellant

v.

Stephen COFFEY, Appellee.

No. 05–08–00030–CV.

Court of Appeals of Texas, Dallas.

Nov. 18, 2008.

Robert E. Fitzgerald, Dallas, TX, for Appellant.

Stephen W. Drinnon, Dallas, TX, for Appellee.

Before Justices MOSELEY, RICHTER and FRANCIS.

## OPINION

Opinion by Justice RICHTER.

This appeal arises from the dismissal of a case in response to a nonresident defendant's special appearance. Appellant's sole issue is whether a Texas state court can constitutionally exercise jurisdiction over a Nebraska resident, Stephen Coffee ("Buyer"). For the reasons below, we conclude Buyer's contacts with the State of Texas are sufficient to support specific jurisdiction, and the exercise of jurisdiction over him by Texas courts is consistent with traditional notions of fair play and substantial justice. Accordingly, the trial court erred in granting the Buyer's special appearance and dismissing the suit brought by William Fleischer ("Seller") against him. We reverse the trial court's order and remand this case for further proceedings.

## Background

Seller breeds, trains and sells German Shepherd dogs. He resides in California and operates his business in California and Texas. On January 8, 2007, after reviewing Seller's website, Buyer called Seller via his California phone number to find out about buying a German Shepherd dog. Buyer resides in Nebraska and has no contacts with Texas except for this transaction with Seller.

Seller informed Buyer he had a puppy that would satisfy Buyer's requirements. Buyer agreed to purchase the puppy for $2,500 and pay an additional $1,000 for training. Buyer signed a one-page contract providing for the purchase of the puppy and training. The contract does not contain a forum selection clause. Buyer faxed it back to Seller in California on January 9, 2007. On the accompanying transmittal form, Buyer wrote: "Will it be in my best interest to come down to Texas for a handling session. If you feel this is the best way to proceed, it is no problem for me to come to Texas. In my experience, it has been very beneficial to spend a few hours with the trainer before the transfer." While Buyer admits he knew the puppy's trainer was in Texas and that the services to be rendered by the trainer would occur in Texas, his affidavit states he was unaware the puppy was in Texas until after he wired a $2500 payment to a New York bank designated by Seller two days later, on January 11, 2007.

Buyer traveled to Texas on February 17, 2007 to meet the puppy and her trainer. While in Texas, he determined the puppy's training was inadequate. He left the puppy with the trainer for additional training. Buyer returned to Texas on March 3, 2007 when he paid the trainer half of the training fees, took possession of the puppy, and returned to Nebraska. Subsequently, Buyer had the puppy examined by a veterinarian in Nebraska who determined she had hip dysplasia [1]. Citing improper training and the puppy's health, Buyer demanded a refund and reimbursement of his expenses. Seller offered to

---

1. Hip dysplasia is a degenerative joint disease commonly found in large pure-bred dogs.

replace the puppy. Buyer refused and also failed to pay the balance owed for the training.

Seller brought this suit in Texas for breach of contract and defamation. Buyer filed a special appearance and moved for dismissal for lack of personal jurisdiction.[2] The trial court granted Buyer's motion and dismissed Seller's lawsuit. No findings of fact were issued.

### Burden of Proof and Standard of Review

■ The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the long-arm statute. *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002). Once the plaintiff pleads sufficient allegations, the nonresident defendant challenging a Texas court's personal jurisdiction must negate all jurisdictional bases. *Id.; Capital Tech. Info. Serv., Inc., et al. v. Arias and Arias Consultores, et al.,* No. 05-07-00280-CV, 2008 WL 4838421, at *5, 270 S.W.3d 741, 748 (Tex.App.-Dallas Nov.10, 2008, no pet. h.) (en banc). In determining whether a defendant has negated all bases, we examine all the evidence in the record. *Counter Intelligence, Inc. v. Calypso Waterjet Sys., Inc.,* 216 S.W.3d 512, 516 (Tex.App.-Dallas 2007, pet. denied).

■ Whether a court may exercise personal jurisdiction over a nonresident defendant is a question of law which we review de novo *Id.* When, as here, the trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all findings supported by evidence necessary to support the order are implied. *BMC Software,* 83 S.W.3d at 795. However, these implied findings are not conclusive and may be challenged for legal and factual sufficiency. *Id.* In reviewing a legal sufficiency challenge, the no-evidence challenge fails if there is more than a scintilla of evidence to support the finding. *Id.* In reviewing a factual sufficiency challenge, we set aside the trial court's decision only if its ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Exchequer Fin. Group, Inc. v. Stratum Dev., Inc.,* 239 S.W.3d 899, 902 (Tex.App.-Dallas 2007, no pet.) (citing *Reiff v. Roy,* 115 S.W.3d 700, 705 (Tex.App.-Dallas 2003, pet. denied)).

### Discussion

■ The Texas long-arm statute governs state courts' exercise of jurisdiction over nonresident defendants. TEX. CIV. PRAC. & REM.CODE ANN. §§ 17.041-45 (Vernon 2008). The statute permits Texas courts to exercise jurisdiction over a nonresident defendant that "does business" in Texas. TEX. CIV. PRAC. & REM.CODE ANN. § 17.042 (Vernon 2008). When a Texas resident is involved, one of the listed activities constituting "doing business" occurs when a contract is performable in whole or in part in the state. *Id.* The statute's list is not exclusive and has repeatedly been held to extend the state courts' jurisdiction as far as the federal requirements of due process will permit. *Doe v. Roberts,* 198 S.W.3d 466, 470 (Tex.App.-Dallas 2006, no pet.) (citing *BMC Software,* 83 S.W.3d at 795). Accordingly, before a state court can exercise jurisdiction over a nonresident defendant, the court must determine whether (1) the defendant has established minimum contacts in Texas, and (2) the exercise of jurisdiction offends traditional

---

2. Subsequent to the filing and service of process in this proceeding, Buyer filed suit against Seller in Nebraska. The Nebraska case was stayed pending the Texas trial court's determination of Buyer's special appearance.

notions of fair play and substantial justice. *BMC Software,* 83 S.W.3d at 795.

If the suit against the nonresident arises from, or relates to, his contacts with the state, the plaintiff is said to be invoking the court's specific jurisdiction rather than its general jurisdiction. *Am. Type Culture Collection, Inc. v. Coleman,* 83 S.W.3d 801, 807 (Tex.2002); *BMC Software,* 83 S.W.3d at 797. Since Buyer's alleged liability arises solely from this transaction, we will confine our inquiry to whether the trial court has specific jurisdiction over Buyer. The minimum contacts analysis for specific jurisdiction focuses on the relationship among the defendant, the forum, and the litigation. *IRA Resources, Inc. v. Griego,* 221 S.W.3d 592, 596 (Tex.2007) (citing *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 575–76 (Tex.2007)). In order to invoke specific jurisdiction, the defendant's conduct must constitute a "purposeful availment" of the privilege of conducting activities in the state. *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 784 (Tex.2005); *Capital Tech.,* 2008 WL 4838421, at *7 ("Purposeful availment is the touchstone of the jurisdictional due process analysis."). A contact manifests "purposeful availment" when the contact is purposeful instead of "random, isolated, or fortuitous" and the defendant seeks some benefit, advantage, or profit in availing himself of the forum. *Michiana Easy Livin' Country,* 168 S.W.3d at 785.

The parties dispute when Buyer became aware the puppy was in Texas and that he would have to come to Texas to pick her up. However, the evidence before the trial court, developed through affidavits and documents, shows that the contract signed by Buyer provides for both the purchase and training of a specific German Shepherd. In his affidavit dated September 21, 2007, Buyer states "on or before January 8, 2007, I learned that [the puppy's] trainer was in the State of Texas ... [and] ... [a]s of January 8, 2007, I knew *the trainer* was in the State of Texas, *not the dog*" (emphasis in original). Buyer also admits the contract was for the purchase and training of the puppy. After reviewing the evidence before the trial court, we conclude an implied finding that no part of the contract was to be performed in Texas is against the great weight and preponderance of the evidence.

In addition, Texas courts may exercise personal jurisdiction over tangible personal property where the rights of ownership arise by virtue of the property's transfer in Texas. *Small v. Small,* 216 S.W.3d 872, 878 (Tex.App.-Beaumont 2007, pet. denied) (son's ex-wife who only traveled to Texas once to select an engagement ring was subject to specific jurisdiction in conversion lawsuit). Here, Buyer admits he came to Texas to get the puppy.

Given Buyer's admission that at least part of the sales contract was performable in Texas and the fact that he made two separate trips to the state for training and observation, and to pick up the puppy, we conclude Buyer had sufficient contacts with the State of Texas. Therefore, the trial court did have specific jurisdiction over Buyer and erred when it granted Buyer's special appearance. We sustain Seller's sole issue.

### Conclusion

We reverse the trial court's order and remand the case for further proceedings.