**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-41366
Summary Calendar

ROBERT MARTINEZ

Plaintiff - Appellant

v.

CHASE BANK

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CV-139

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert Martinez brought breach of contract, conversion, and fraud claims against Chase Bank in the district court. Summary judgment was granted to Chase. On appeal, the only parts of the district court's ruling Martinez challenges are the breach of contract and conversion claims. We AFFIRM.

The central legal instruments involved in this case are a note and deed of trust that had been executed by a prior purchaser of a residence in Brownsville,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas. Though another company was earlier involved, we will refer to the lender throughout as Chase. When Martinez's mother bought the residence in 1991, she assumed the obligations under the note and deed of trust. The district court found the evidence unclear as to whether the son ever became a party to the note, though he apparently acquired some interest in the residence. By 1999, Robert Martinez was disputing Chase's calculations of what was owed on the note. After Chase began foreclosure proceedings on the property in 1999, Robert Martinez filed for personal bankruptcy. Chase filed a proof of claim but later withdrew it. In 2003, Robert Martinez filed an adversary action against Chase, alleging Chase was seeking to collect too much under the note. A settlement of that action was reached after mediation, and it was approved by the bankruptcy court. The settlement expressly excluded pre-petition arrearages and escrow deficiencies from what was being settled.

Not long after the settlement, Robert Martinez refinanced the home. The pre-petition arreages on the earlier note, as calculated by Chase, were part of the distributions at closing, as the earlier note needed to be satisfied. The present suit for breach of contract was brought in December 2005. Robert Martinez claimed that the payoff amount was improper. We agree with the district court that the factual ambiguity regarding whether Robert Martinez had rights under the prior note and deed of trust need not be resolved in order to address the current legal issues.

We review a summary judgment *de novo. XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 149 (5th Cir. 2008). Judgment is proper when it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine whether a genuine issue of material fact exists, "we view facts and inferences in the light most favorable to the nonmoving party." *Mahaffey v. Gen. Sec. Ins. Co.*, 543 F.3d 738, 740 (5th Cir. 2008).

2

Texas law applies. To sustain a breach of contract claim, Martinez was required to demonstrate "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To sustain a conversion claim, he was required to demonstrate that "(1) he legally possessed the property or was entitled to it; (2) the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; and (4) the defendant refused." *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 709 (5th Cir. 2009) (citing *Small v. Small*, 216 S.W.3d 872, 877 (Tex. App. Beaumont 2007, pet. denied)).

By seeking a summary judgment, Chase shouldered the initial burden of establishing the lack of a triable issue of fact. *See CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 272-73 (5th Cir. 2009). Chase did so through an affidavit from its Assistant Vice President, Thomas Reardon. The affidavit identified Reardon as the individual responsible for maintaining the records showing what Martinez owed on the loan. It also stated that the information included in the affidavit was within Reardon's personal knowledge. Reardon's sworn statement was that the charges stated in the affidavit as having been owed were correct.

After Chase satisfied its obligation, Robert Martinez was then required to demonstrate the presence of a genuine factual dispute. *Id.* at 273. Six documents were presented to the district court, none of which established that Chase collected more than was owed on the loan. Martinez presented evidence of payments that his mother had made in 1998 and 1999, but these did not constitute a record of all payments after her assumption of the note. He also presented his own affidavit asserting that, to the best of his knowledge, all

payments had been made. We have reviewed Martinez's submissions and agree with the district court that they are "woefully incomplete."

Because Martinez has failed to submit competent summary judgment evidence, the district court's judgment is AFFIRMED.