In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00433-CV


____________________



JOHN DOUGLAS MITCHELL, Appellant



V.



ORANGE COUNTY, TEXAS, ORANGE COUNTY JAIL


AND SHERIFF MIKE WHITE, Appellees






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-070035-C






 MEMORANDUM OPINION


 John Douglas Mitchell, a pro se inmate, appeals from a summary judgment granted 
in favor of appellees, Orange County, Texas, Orange County Jail and Sheriff Mike White,
on their statute of limitations defense. Mitchell claimed that his personal property was lost
while under the control of the Orange County Jail during his incarceration. On appeal, 
Mitchell contends the trial court erred in granting summary judgment without considering
his fraudulent concealment defense. Because we find that Mitchell failed to present evidence
establishing fraudulent concealment, we affirm.

Background


 On March 23, 2001, when Mitchell was booked into the Orange County Jail for
week-end detention, he relinquished four diamond rings to be held in the jail's property
room. Under the procedure used that week-end, the inmates were released on the morning
of March 26. On the afternoon before their release, however, the inmates signed release
forms and received their property, other than "hardware." Jail personnel placed the
hardware, which included Mitchell's rings, in a green box that was kept in a control room.
On the morning of the inmates' release, the jailers moved the green box to an area that was
accessible to the inmates as they were leaving. According to the jail's incident report, the
inmates "would walk to the green box and reach in to obtain their hardware. The property
release had already been signed." The incident report further explained that when it was
Mitchell's time to leave, "the hardware belonging to him was missing. Either the other 16
to 17 inmates walking out ahead of him took the said rings or something else happened [to]
them." (1)

 On January 23, 2007, Mitchell filed his original petition against the appellees. In his
first amended petition filed February 4, 2008, Mitchell asserted appellees were liable under
the laws of "'conversion and/or theft of property'" and under section 101.0215(a)(7) of the
Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §
101.0215(a)(7) (Vernon 2005). Neither of Mitchell's petitions state a date for the loss of his
property, but Mitchell's appellate brief acknowledges that the loss occurred in March 2001.

 In answering Mitchell's petition, the appellees asserted the statute of limitations as an
affirmative defense and later filed a motion for summary judgment based on that defense. 
In his response, Mitchell claimed that the appellees "deceitfully concealed the fact that the
investigation of this incident had concluded without Plaintiff's property being found. This
concealment caused the Plaintiff not to file suit because he felt that the investigation could
possibly result in the discovery of the rings." Mitchell did not assert that a period of
limitations other than a period of two years was applicable to his claims. The trial court
granted the appellees' motion, finding that they were entitled to summary judgment on their
limitations defense as a matter of law.

 In a single appellate issue, Mitchell contends the trial court erred in granting summary
judgment because appellees fraudulently concealed the completion of their investigation,
and, as a result, all periods of limitations were suspended.

Standard of Review


 "Summary judgment is appropriate when there is no genuine issue as to any material
fact and judgment should be granted in favor of the movant as a matter of law." Diversicare
Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005).

 A defendant is entitled to summary judgment on the affirmative defense of limitations
by conclusively proving all the elements of the defense as a matter of law. Pustejovsky v.
Rapid-American Corp., 35 S.W.3d 643, 646 (Tex. 2000). This requires conclusively proving
the date the cause of action accrued. See Rubio, 185 S.W.3d at 846. 

 When a defendant conclusively establishes a limitations defense and the plaintiff
resists summary judgment by asserting fraudulent concealment, the plaintiff has the burden
to present evidence raising a fact issue with respect to its claim. Am. Petrofina, Inc. v. Allen,
887 S.W.2d 829, 830 (Tex. 1994). The elements of fraudulent concealment are 1) the
existence of the underlying tort, 2) the defendant's knowledge of the tort, 3) the defendant's
use of deception to conceal the tort, and 4) the plaintiff's reasonable reliance on the
deception. Malone v. Sewell, 168 S.W.3d 243, 252 (Tex. App.-Fort Worth 2005, pet.
denied).

Mitchell's Claims and Applicable Statutes of Limitation


 As explained below, we find that the two-year statute of limitations applies to all of
Mitchell's claims against the appellees. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)
(Vernon Supp. 2008).

 In his conversion/theft claim, Mitchell essentially contends that he entrusted his rings
to the Orange County Jail with the understanding they would be returned to him. If accepted
by a fact-finder, the relationship between Mitchell and the Orange County Jail would be the
same as that existing between a bailor and bailee. See Small v. Small, 216 S.W.3d 872, 877
(Tex. App.-Beaumont 2007, pet. denied). "The basic elements of a bailment are: (1) the
delivery of personal property by one person to another in trust for a specific purpose; (2)
acceptance of such delivery; (3) an express or implied contract that the trust will be carried
out; and (4) an understanding under the terms of the contract that the property will be
returned to the transferor or dealt with as the transferor directs." Sisters of Charity of the
Incarnate Word, Houston, Texas v. Meaux, 122 S.W.3d 428, 431 (Tex. App.-Beaumont
2003, pet. denied). "Claims for breaches of bailment agreements generally can be brought
as contract or tort claims depending on the particular facts of the case and the type of action
the plaintiff chooses to assert." Barker v. Eckman, 213 S.W.3d 306, 310 (Tex. 2006). 

 In this case, Mitchell pursues a conversion claim. "Conversion is the unauthorized
and wrongful assumption and exercise of dominion and control over another's personal
property to the exclusion of, or inconsistent with, the owner's rights." Small, 216 S.W.3d at
877 (citing Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 447 (Tex.1971)). (2)
 Section 16.003
of the Texas Civil Practice and Remedies Code establishes a two-year limitations period for
certain causes of action, including 1) conversion of personal property and 2) taking or
detaining the personal property of another. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). 

 Mitchell also maintains he has a claim under the Texas Torts Claims Act, specifically
section 101.0215 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. &
Rem. Code Ann. § 101.0215(a)(7) (Municipal Liability). Section 101.0215, however, is a
provision of the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §§
101.001-101.109 (Vernon 2005 & Supp. 2008). The Act provides that governmental units
may be liable in certain instances. Id. § 101.021 (Vernon 2005). Among other requirements,
however, a plaintiff must show either (1) that his claim for property damage, personal injury,
or death arises from the operation or use of a motor-driven vehicle or motor-driven
equipment; or (2) that his claim for personal injury or death was caused by a condition or use
of tangible personal or real property. See id. § 101.021. The Act, however, "does not create
a cause of action; it merely waives sovereign immunity as a bar to a suit that would otherwise
exist." City of Tyler v. Likes, 962 S.W.2d 489, 494 (Tex. 1997). Assuming that Mitchell's
claim for loss of his rings was one for which the Act waives sovereign immunity and that he
had met the Act's notification requirements established by section 101.101, he still would
have to comply with section 16.003's limitations provisions that require suits for conversion
and the taking or detaining the personal property of another to be brought not later than two
years after the cause of action accrued. See Likes, 962 S.W.2d at 494; see also Tex. Civ.
Prac. & Rem. Code Ann. § 101.101 (Vernon 2005).

 Thus, under both theories that Mitchell pled, we must review the summary judgment
evidence to determine whether the appellees established their two-year statute of limitation
defense as a matter of law, and, if so, whether Mitchell showed that the appellees' fraudulent
concealment raised a fact issue with respect to his claims. See Rubio, 185 S.W.3d at 846; 
Allen, 887 S.W.2d at 830. 

Summary Judgment Evidence


 In support of their motion for summary judgment, the appellees established their
statute of limitations defense by relying on Mitchell's petitions and the investigative file of
the Orange County Sheriff's Office. (3) The "Orange County Jail Incident Report," a part of
the investigative records, shows that Mitchell learned about the loss of his rings on March
26, 2001, a fact Mitchell concedes in his appellate brief. The appellees' summary judgment
evidence also shows that Mitchell did not file suit against them until January 23, 2007. 

 The statute of limitations applicable to a conversion claim requires suits to be brought
within two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Thus, Mitchell was
required to file his suit before March 26, 2003, to avoid the appellees' plea of limitations. 
The appellees' summary judgment evidence shows that Mitchell did not file suit within the
applicable limitations period and conclusively establishes their limitations defense. See id.;
Rubio, 185 S.W.3d at 846.

 Thus, the burden shifted to Mitchell to present evidence raising a fact issue through
his claim of fraudulent concealment. See Rubio, 185 S.W.3d at 846; Allen, 887 S.W.2d at
830. To do so, Mitchell had to present proper summary judgment evidence for the trial
court's consideration. "Proper summary judgment evidence consists of affidavits,
admissions, stipulations of the parties, authenticated or certified public records, deposition
transcripts, and interrogatory answers." Bakali v. Bakali, 830 S.W.2d 251, 256 (Tex. App.-
Dallas 1992, no writ) (citing Tex. R. Civ. P. 166a(c)); see Baker v. John Peter Smith Hosp.,
Inc., 803 S.W.2d 454, 457 (Tex. App.-Fort Worth 1991, writ denied) (stating that a
nonmovant's response to a motion for summary judgment must present fact issues by means
of proper summary judgment evidence such as depositions, admissions, or affidavits).

 Here, the trial court could have properly considered only part of Mitchell's summary
judgment evidence, namely two documents: the "Orange County Jail Incident Report" dated
March 25-26, 2001, and an "Incident Report" dated March 29, 2001. These two documents,
which Mitchell attached to his motion, had previously been presented by the appellees and
verified by the record custodian's affidavit. The remainder of Mitchell's summary judgment
evidence consisted of copies of other documents, which are dated from July 14, 2005, to
August 14, 2005, and reflect correspondence between Mitchell and the Orange County
Sheriff's Department. These documents, however, are not supported by affidavit,
authentication, or certification, and there is no indication that they were exhibits presented at
a deposition or otherwise were part of the discovery process, such as deposition exhibits,
answers to requests for admission, or interrogatory answers. These documents, therefore, are
not proper summary judgment evidence. See Tex. R. Civ. P. 166a(c); Bakali, 830 S.W.2d at
256; Baker, 803 S.W.2d at 457.

 Mitchell does not explain how the reports the trial court could have considered raise
a fact issue on his claim of fraudulent concealment. Both reports are dated in late March 2001
and reflect events surrounding the loss of Mitchell's rings. Neither of them, however, provide
any information about occurrences after March 2001. 

 Among the elements of fraudulent concealment is the requirement that the defendant
deceptively conceal the tort. See Malone, 168 S.W.3d at 252. Here, the documents in
question show the appellees' active investigation of the loss rather than deceptive
concealment. Consequently, fraudulent concealment does not suspend the limitations period
based on the record before us. 

 Accordingly, we find the trial court did not err in granting summary judgment to the
appellees. We overrule Mitchell's sole appellate point. The trial court's judgment is
affirmed.

 AFFIRMED.



 ____________________________

 HOLLIS HORTON

 Justice


Submitted on July 22, 2009

Opinion Delivered August 27, 2009

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. According to the incident report, Mitchell stated that even though he had been a
"familiar face" at the jail, he had never witnessed property being released as it was on March
26, 2001.
2. "To prove a claim for personal property-conversion, a plaintiff must show that: (1)
the plaintiff owned or legally possessed the property or was entitled to its possession; (2) the
defendant unlawfully and without authorization assumed and exercised dominion and control
over the property to the exclusion of, or inconsistent with, the plaintiff's ownership rights;
(3) the plaintiff demanded the property's return; and (4) the defendant refused to return it." 
Small v. Small, 216 S.W.3d 872, 877 (Tex. App.-Beaumont 2007, pet. denied).

3. The investigative file was presented through an affidavit from the Office's records
custodian.