# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2025

Lyle W. Cayce
Clerk

No. 23-50479

DDR Weinert, Limited; DDR Williams, Limited,

*Plaintiffs—Appellants*,

*versus*

Ovintiv USA, Incorporated; Encana Oil & Gas (USA), Incorporated,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-558

_____

Before Jones, Clement, and Wilson, *Circuit Judges*.

Edith H. Jones, *Circuit Judge*:[*]

Defendant Ovintiv USA, Incorporated, overpaid Duane and Colleen Richter for oil and gas extracted from the Richters' lands.[1]  But before

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Although the Plaintiffs named both Ovintiv USA, Inc., and Encana Oil & Gas (USA), Inc., as defendants, Ovintiv and Encana are the same entity.  Encana was Ovintiv's former name.  This opinion refers to the Defendant by its current name, Ovintiv.

No. 23-50479

Ovintiv discovered that overpayment, the Richters transferred their interests in the lands to Plaintiffs DDR Weinert, Ltd., and DDR Williams, Ltd. After becoming aware of the overpayment, Ovintiv deducted the amount it overpaid the Richters from the royalties it paid to the Plaintiffs. The Plaintiffs filed suit against Ovintiv, claiming that Ovintiv's reduction of their royalties was improper. The district court disagreed and granted summary judgment for Ovintiv. The Plaintiffs appeal from that decision. We AFFIRM.[2]

## I. BACKGROUND

The Richters owned four tracts of land in Karnes County, Texas (together, the "Subject Property"). Ovintiv eventually became the lessee and operator of the Subject Property.

The Plaintiffs are entities the Richters own and control.[3] In December 2017, the Richters executed a series of substantially identical special warranty deeds and mineral deeds conveying their mineral interests in the Subject Property to the Plaintiffs as part of their estate planning. As a result of these transfers, the Plaintiffs became the successor lessors of the Subject Property and were entitled to the royalty payments that had previously gone to the Richters. Accordingly, Ovintiv prepared new division orders, which were executed in April and May 2018 and signed by the Richters on behalf of the Plaintiffs.

---

[2] This decision is based on different grounds from those on which the district court relied. *See infra* part III. But the parties briefed and argued the rationale we accept in this court and the district court.

[3] Specifically, Duane Richter manages DDRD Management, LLC; DDRD Management is DDR Weinert's general partner; and DDRD Management is DDR Williams's only "officer, director, member, general partner or manager."

No. 23-50479

In September 2016, Ovintiv mistakenly adjusted the gas flow on several properties but did not catch the error until January 2018. As a result, from September 2016 to January 2018, Ovintiv underpaid some royalty owners and overpaid others. The Richters were among those Ovintiv overpaid. On June 26, 2018, Ovintiv informed the Plaintiffs that it planned to conduct a "Prior Period Adjustment" that year and would recoup any overpayments to the Richters from future royalty payments to the Plaintiffs. According to the Plaintiffs, Ovintiv withheld more than $608,000 in royalties from them.

The Plaintiffs brought suit on April 27, 2022, in Texas state court, alleging breach of contract, violations of the Texas Natural Resources Code (Tex. Nat. Res. Code § 91.401, et seq.), and conversion. Ovintiv removed the lawsuit to the Western District of Texas on the basis of diversity jurisdiction. The parties filed cross-motions for summary judgment. The district court granted summary judgment for Ovintiv because the Plaintiffs had acquired their interest subject to all valid leases and other indebtedness. The Plaintiffs appeal from that judgment.

## II. STANDARD OF REVIEW

This court reviews the district court's order granting summary judgment *de novo*, "applying the same standard as the district court." *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 922 (5th Cir. 2022) (quoting *Brandon v. Sage Corp.*, 808 F.3d 266, 269 (5th Cir. 2015)). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III. DISCUSSION

The Plaintiffs maintain that Ovintiv wrongfully withheld more than $608,000 in royalties from them. Ovintiv admits that it withheld royalties

from the Plaintiffs but contends that its previous overpayment of royalties to the Richters justifies this withholding. The question we must answer is whether the Plaintiffs are entitled to the sum of the royalties that the Richters were overpaid.

In answering that question, we begin and end with the doctrine of equitable recoupment. The Plaintiffs concede that "recoupment is a valid, commonly accepted remedy in the oil and gas industry," and various legal authorities confirm the existence of this doctrine. *See Pa. R.R. Co. v. Miller*, 124 F.2d 160, 162 (5th Cir. 1941) ("Being a part of the common law of England in 1840, [the doctrine of recoupment] was expressly adopted by the State of Texas . . . and has existed since in unimpaired form in that state."); *see also* 3 KUNTZ, LAW OF OIL AND GAS § 42.8 (2024) (Where "the lessee or the purchaser of royalty oil or royalty gas . . . overpay[s] a lessor or . . . [pays] a person not entitled to receive such payment, such lessee or purchaser may or may not be entitled to a refund of the amount erroneously paid, depending upon the circumstances of the payment."); 3 WILLIAMS & MEYERS, OIL AND GAS LAW § 657 (2024).

Recoupment is "a defense that goes to the foundation of [a] plaintiff's claim by deducting from plaintiff's recovery all just allowances or demands accruing to the defendant with respect to the same contract or transaction." *Distrib. Servs., Ltd. v. Eddie Parker Interests, Inc.*, 897 F.2d 811, 812 (5th Cir. 1990). Courts have distilled this into "two general requirements for recoupment: (1) some type of overpayment must have been made, and (2) both the creditor's claim and the amount owed the debtor must arise from a single transaction." *Sommers v. Concepcion*, 20 S.W.3d 27, 34 (Tex. Ct. App—Houston [14th Dist.] 2000, pet. denied) (citing *In re Kosadnar*, 157 F.3d 1011, 1013 (5th Cir. 1998) (per curiam)). It is undisputed that "some type of overpayment [has] been made," making the question whether Ovintiv's overpayment to the Richters and its underpayment to the Plaintiffs

"arise from a single transaction." *See id.* On these facts, we hold that they do, and that recoupment therefore bars the Plaintiffs' claims.

In *W & T Offshore, Inc. v. Bernhardt*, this court concluded that "each monthly obligation under the [same] lease" was part of a single transaction for the purposes of recoupment. 946 F.3d 227, 241 (5th Cir. 2019). The *Bernhardt* court emphasized:

> [A] cramped view of the meaning of "the same contract or transaction" . . . is at odds with the aim of equitable recoupment doctrine, which is to allow the contract or transaction at issue to be "examined in *all its aspects*, and judgment to be rendered that does justice in view of the one transaction *as a whole*."

*Id.* (quoting *Rothensies v. Elec. Storage Battery Co.*, 329 U.S. 296, 299, 67 S. Ct. 271, 272 (1946)).

Relatedly, the Supreme Court of Texas made clear in *Gavenda v. Strata Energy, Inc.*, that unjust enrichment undergirds equity in this area of law. 705 S.W.2d 690 (Tex. 1986). In *Gavenda*, a well operator prepared division and transfer orders setting a royalty owner's royalty at an amount less than he was due considering his interest in the underlying property. *Id.* at 691. The operator "kept at least part of the underpayment." *Id. Gavenda* concerned the applicability of the default rule that "division and transfer orders bind underpaid royalty owners until revoked." *Id.* Under that rule, the division and transfer orders would have remained binding during the entire period of underpayment, estopping the plaintiff's claims against the operator. *Id.* at 692. The court noted that that rule targets situations where one royalty owner's underpayment results in another's overpayment. *Id.* In those situations, the court explained, "If underpaid royalty owners' suits against purchasers and operators were not estopped, purchasers and operators would pay the amount of the overpayment twice—once to the

overpaid royalty owner under the division order and again to the underpaid royalty owner through his suit." *Id.* The court noted that "the underpaid royalty owners, however, have a remedy: they can recover from the overpaid royalty owners." *Id.*

The Supreme Court of Texas held that the default rule did not apply in *Gavenda*; the division and transfer orders were no longer binding on the plaintiff and, consequently, the plaintiff could recover from the operator. *Id.* The court explained that the operator "profited . . . at the royalty owner's expense," *id.*, and distinguished an earlier case, *Exxon Corp. v. Middleton*, in which "the underpaid royalty owners could not recover from [the operator] based on unjust enrichment because [the operator] had not profited at their expense and because they had a cause of action against the overpaid royalty owners for unjust enrichment." *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 891 (Tex. 1998) (Owen, J.) (citing *Gavenda*, 705 S.W.2d at 692–93; *Middleton*, 613 S.W.2d 240 (Tex. 1981)).

These cases guide our conclusion that equitable recoupment bars the Plaintiffs' claims here. But for the doctrine, Ovintiv "would pay the amount of overpayment twice—once to the overpaid royalty owner . . . and again to the [Plaintiffs] through [t]his suit." *Gavenda*, 705 S.W.2d at 692. Moreover, like the operator in *Middleton*, Ovintiv did not profit by underpaying the Plaintiffs. *See id.* (citing *Middleton*, 613 S.W.2d at 249–50). We also cannot ignore that the overpaid Richters control the underpaid Plaintiffs. Thus, the Plaintiffs and the Richters would be unjustly enriched if Plaintiffs' claim prevails, whereas the defeat of the claim does not unjustly enrich Ovintiv. Regardless, the Plaintiffs can pursue reimbursement from the Richters, the only parties that have been unjustly enriched by Ovintiv's error. *See id.* at 691; *see also Middleton*, 613 S.W.2d at 249–50. In light of the unique facts of this case and the equitable nature of recoupment, the overpayment to the Richters and the underpayment to the Plaintiffs are part of a single

No. 23-50479

transaction such that equitable recoupment applies and estops the Plaintiffs' claims against Ovintiv. *See Bernhardt*, 946 F.3d at 241.

AFFIRMED.[4]

––––––––––––––––––––––––––

[4] Given Ovintiv's withholding of the sum it overpaid the Richters from the Plaintiffs' royalties, the Plaintiffs claim Ovintiv is liable for conversion, breach of contract, and failing to pay them their royalties on time, in violation of § 91.402(a) of the Texas Natural Resources Code, by withholding the sum Ovintiv overpaid the Richters from the Plaintiffs' royalties. *See supra* part I. But these claims fail as a matter of law because the applicability of equitable recoupment means the Plaintiffs are not entitled to the royalties Ovintiv withheld from them under any of their theories. *See supra* part III; Tex. Nat. Res. Code § 91.404(c) ("A payee has a cause of action for *nonpayment* of oil or gas proceeds or interest on those proceeds as required in Section 91.402 or 91.403 of this code[.]" (emphasis added)); *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009) (noting that to prevail on a conversion claim under Texas law, "[t]he plaintiff must prove that . . . he legally possessed the property *or was entitled to it*" (emphasis added) (citing *Small v. Small*, 216 S.W.3d 872, 877 (Tex. App.—Beaumont 2007, pet. denied)). Moreover, the Plaintiffs' counsel conceded during oral argument that "judgment could be rendered dismissing" their conversion claim.